## Case No. 14,424.

### UNITED STATES v. ADLER et al.

[8 Chi. Leg. News, 11; 15 Am. Law Reg. (N. S.) 45; 21 Int. Rev. Rec. 316; 1 N. Y. Wkly. Dig. 182.] [1]

District Court, W. D. Missouri. 1875. [2]

INTERNAL REVENUE LAWS — FAILURE TO EFFACE STAMPS—LIABILITY OF EMPLOYERS—INTENT.

[A person engaged in rectifying, whose employees empty spirits from casks and packages.

[1] [1 N. Y. Wkly. Dig. 182, contains only a partial report.]

[2] [Affirmed in Case No. 16,255.]

is one who "causes" such emptying, so as to be guilty of a felony, under Rev. St. U. S. § 3324, if the marks, brands, and stamps on such casks or packages are not effaced or obliterated at the time of emptying them.]

[This was an indictment against Simon Adler and Furst for failing to deface and obliterate from casks or packages of distilled spirits, at the time of emptying, marks, brands, or stamps required by law to be thereon.]

James S. Botsford and H. B. Johnson, for the United States.

Chester H. Krum and Jeff. C. Chandler, for defendants.

KREKEL, District Judge (charging jury). Under a statute of the United States regarding internal revenue, Adler & Furst, the defendants, have been indicted for failing to deface and obliterate from casks or packages of distilled spirits, at the time of emptying, marks, brands or stamps required by law to be thereon. The indictment, in fifty-eight counts, charges this offense, varying in manner and the packages regarding which the omission occurred, so as to meet the testimony in the case. The United States Revised Statutes, in section 3324, under which the indictment has been found, provide that "every person who empties or draws off, or causes to be emptied or drawn off, any distilled spirits from a cask or package bearing any mark, brand or stamp required by law, shall at the time of emptying such cask or package, efface or obliterate said mark, stamp or brand. * * * Every person who fails to efface and obliterate said mark, stamp or brand at the time of emptying such cask or package, shall be deemed guilty of felony, and shall be fined, etc." I have cited such parts of the section only as bear directly upon the issues. You will observe, in the first place, that the section begins with declaring it to be the duty of every person who empties or draws off, or causes to be emptied or drawn off, any spirits, at the time of emptying such cask or package, to efface and obliterate said mark, stamp or brand. The object of the provision obviously was to secure the destruction of the mark, stamp or brand at the time of emptying; and the words "shall efface and obliterate" are apt words to express that intention. The language, "at the time of emptying such cask or package," leaves no room for construction as to the time when the act of effacing and obliterating is to be done. It must be done at the time of emptying and at no other time. The object in so providing was no doubt to prevent the opportunity of defrauding the government by an improper use of the package or stamps, or both. The law, however, will not require an impossibility, and if a case was presented in which the person whose duty the law makes it to efface and obliterate, without any fault of his own, was prevented from the discharge of

the duty imposed on him, the law might excuse him. Such a case, however, is not before you, for there is no evidence tending to show even that the party upon whom the obligation to "obliterate and efface" rested was in any way interfered with or prevented from doing so. But the important inquiry is, upon whom, under the testimony before you, did the law impose the duty of cancelling and effacing? Was it upon Adler & Furst, the defendants? And if so, are they responsible for the acts of their employees? In reading the clause of the section pronouncing the penalty as a separate and distinct part of the section, countenance may be found for the construction that the penalty was denounced against the person only who did the act of emptying. A close examination of the language of the part of the section denouncing the penalty shows beyond a doubt that it refers to the duty which the section in its beginning imposes, for it provides that every person who fails to efface and obliterate said mark, stamp or brand at the time of emptying, etc. As we have already seen, the provisions of the section imposing the duty to efface and obliterate is of such mark, brand or stamp only, as are required by law to be upon casks or packages, and hence the language in the penalty clause—said mark, stamp or brand. To read the penalty clause without reference to the preceding one would leave us without any designation as to what mark, brand or stamp the law is applicable to. To read the provision providing the penalty, in connection with the clause imposing the duty of effacing and obliterating such mark, brand or stamp required by law to be upon casks and packages, gives us an intelligent reading of the statute. But it does more. The construing of the duty and penalty clause together enables us to ascertain to whom the statute applies, namely: to "every person who empties or draws off, or causes to be emptied or drawn off, any distilled spirits." Such a construction, in entire harmony with the provisions of the statute, accomplishes its evident object to hold those responsible, among others, who cause the drawing off. This leads us to the question under the evidence whether a person or partnership engaged in rectifying and employing persons who empty distilled spirits from casks and packages bearing marks, brands and stamps required thereon by law, can be said to cause the emptying or drawing off of such spirits. The owners, possessors and operators of a rectifying establishment engaging hands, furnishing the materials and receiving its products, may be said to cause the emptying of spirits used in their business by those in their employ. And any failure on their part to efface and obliterate marks, stamps or brands at the time of emptying casks or packages of distilled spirits on which cask or package marks, stamps or brands were required by law, or cause the same to be done,

such person or persons so causing the emptying without effacing or obliterating such mark, brand or stamp is amenable to the law. The jury is instructed that if they find from the evidence that Adler & Furst were rectifiers and carrying on a rectifying establishment in the Western district of Missouri; that they emptied or caused to be emptied by their employees, as explained, any distilled spirits from casks or packages bearing any mark, brand or stamp required by law, and failed to efface and obliterate said mark, stamp or brand, at the time of emptying such cask or package, as charged in the indictment, they should find the defendants guilty, otherwise acquit. It was the duty of Adler & Furst, the defendants, to efface or obliterate the marks, brands and stamps on emptying, or cause it to be done, and the failure of their employees to do what the law imposes as a duty on them does not excuse them.

The jury then retired, and after an absence of an hour returned with a verdict of "Guilty on all counts of the indictment except the first."